Daniel Joseph **WILLIAMS**, Petitioner,

v.

**Gary L. JOHNSON**, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.

No. 2:98–CV–0056.

United States District Court,
N.D. Texas,
Amarillo Division.

March 19, 2001.

John Bennett, Law Office of John Bennett, Knoxville, TX, for Petitioner.

Tommy Skaggs, Gray & Becker, Austin, TX, for Respondent.

***ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS***

MARY LOU ROBINSON, District Judge.

Came this day for consideration the petition for a writ of habeas corpus filed by petitioner DANIEL JOSEPH WILLIAMS. On February 28, 2001, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that petitioner's application for a writ of habeas corpus be denied. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on March 9, 2001.

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the Report and Recommendation of the Magistrate Judge, as well as the objections filed by petitioner. The

District Judge is of the opinion petitioner's objections should be, and hereby are, OVERRULED. The District Judge is of the further opinion that the Magistrate Judge's Report and Recommendation should be, and hereby is, ADOPTED. Accordingly, the petition for a writ of habeas corpus filed by petitioner is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The United States District Clerk is directed to mail a file-marked copy of this Order to petitioner and to each attorney of record by first class U.S. mail.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

AVERITTE, United States Magistrate Judge.

Petitioner DANIEL JOSEPH WILLIAMS has filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence out of the 47th District Court of Randall County, Texas. For the reasons hereinafter expressed, the Magistrate Judge recommends petitioner's application be DENIED.

### I.

### PROCEDURAL BACKGROUND

On March 11, 1992, petitioner was charged by indictment in Randall County, Texas with committing the offense of aggravated sexual assault, to wit:

Daniel Joseph Williams, on or about the 2nd day of March A.D., 1992, and before the presentment of this indictment, in said County and State, did then and there intentionally and knowingly cause the penetration of the female sexual organ of Debbie Wise, who was not the spouse of Daniel Joseph Williams, by the sexual organ of the said Daniel Joseph Williams, without Debbie Wise's consent, and the said Daniel Joseph Williams did then and there intentionally and knowingly compel Debbie Wise to submit to the sexual assault by using physical force and violence, and the said Daniel Joseph Williams did then and there intentionally and knowingly, by acts and words, place Debbie Wise in fear that serious bodily injury or kidnapping would be imminently inflicted on the said Debbie Wise, against the peace and dignity of the state.

Transcript (TR), April 16, 1996, Vol. I, pg. 1. On February 15, 1996, petitioner was found guilty as charged by a jury in Cause No. 7913–A styled *The State of Texas v. Daniel Joseph Williams. Ex parte Williams*, App. No. 35,489–01 at 45. Punishment was assessed at forty (40) years imprisonment in the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID) and on February 16, 1996, judgment was entered in accordance therewith. *Id* at 48.

Petitioner filed a direct appeal of his conviction with the Court of Appeals for the Seventh District of Texas, who affirmed the conviction in an unpublished opinion issued January 23, 1997. *Williams v. State*, No. 07–96–0087–CR, 1997 WL 24777, Slip Op. (Tx.Ct.App.7th Dist.1997, pet. ref'd). On May 14, 1997, the Texas Court of Criminal Appeals refused WILLIAMS's petition for discretionary review. *Williams v. State*, PDR No. 319–97 (Tex.Crim.App.1997).

On August 22, 1997, WILLIAMS filed a petition with the state court for a writ of habeas corpus. *Ex parte Williams*, Appl. No. 35,489–01 at 1. The Texas Court of Criminal Appeals denied the application without written order on October 22, 1997. *Id.* at cover.

On February 2, 1998, petitioner filed with this Court, the instant federal petition for a writ of habeas corpus. On May 8, 1998, respondent GARY L. JOHNSON filed his answer in which respondent moved for denial and dismissal of petitioner's application with prejudice. Petitioner did not file a reply to respondent's answer.

## II.

### PETITIONER'S ALLEGATIONS

In support of his contention that he is being held in violation of the Constitution and laws of the United States, petitioner appears to present the following grounds:

1. Petitioner's due process was violated when the trial court denied his motion for a jury view of his vehicle.

2. Petitioner was denied a fair trial in violation of the 6th Amendment when the trial court denied his motion for a jury view of his vehicle.

3. Petitioner's due process was violated when the court allowed testimony by a social worker regarding a privileged conversation.

## III.

### EXHAUSTION OF STATE COURT REMEDIES

■ Petitioner filed his federal application after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case. As relevant here, the AEDPA provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

■ To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor,* 404 U.S. 270, 276–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the

highest state court each constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley,* 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith,* 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir.1982), *cert. denied,* 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex.Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex.Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

In the instant case, petitioner avers that he presented to the state habeas court, all claims presented herein. (Fed. Writ Pet., Question No. 11, pg. 4). However, respondent disagrees and states that the claim of violation of the 6th Amendment right to a fair trial has not been presented to the highest state court. Respondent however, does not seek dismissal of the entire petition for failure to exhaust, but requests dismissal of the one claim as procedurally barred.

■ The undersigned Magistrate Judge has reviewed petitioner's state court records and it appears petitioner has presented, to the highest court of the State of Texas, the substance of all claims he now presents to this federal court except one. Petitioner has not presented the claim regarding violation of the Sixth Amendment and denial of a fair trial.[1] Presentation of this issue in a motion for reconsideration does not satisfy the exhaustion required. However, petitioner would be procedurally barred from presenting the issue to the Texas Court of Criminal Appeals unless he could show cause or actual innocence. Tex.Code Crim. P. Art. 11.07(4) (Vernon Supp.1996). If procedurally barred in state court, petitioner would also be barred at the federal habeas level. *Nobles v. Johnson,* 127 F.3d 409, 422 (5th Cir.1997).

■ Therefore, it is the opinion of the Magistrate Judge that while petitioner has not exhausted one of his issues in state court, this cause should not be dismissed for failure to exhaust, but instead, be decided on the merits, except as to the contested issue which the undersigned finds to be procedurally barred.[2]

## IV.

### *STANDARD OF REVIEW*

■ As stated *supra,* petitioner's case was filed February 2, 1998, subsequent to the April 24, 1996 effective date of the AEDPA. Therefore, the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain,* 125 F.3d 269, 274 (5th Cir.1997). Consequently, petitioner may not obtain relief in this Court with respect

---

**1.** Petitioner admits this ground was not presented in his state habeas application, but contends it was presented in a motion for reconsideration after the state habeas petition was denied.

**2.** Petitioner challenges in both grounds one and two, the refusal of the trial court to allow the jury to view the automobile in question. Although petitioner asserts this refusal denied

him due process (ground one) and denied him a Sixth Amendment right to a fair trial (ground two), there appears to be, for federal habeas purposes, no significant difference between grounds one and two. Both grounds challenge a trial court evidentiary ruling and, to prevail, petitioner must show such resulted in a denial of fundamental fairness.

to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

■ Here, the state courts, on collateral review, heard and adjudicated, on the merits, two of the three claims that are before this Court. More specifically, the Texas Court of Criminal Appeals, denied petitioner's application for state habeas relief without written order. *Ex parte Williams,* No. 35,489–01 at cover. The ruling of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir.1999); *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim.App.1997). Because petitioner's claims have been adjudicated in the state court system, petitioner is required to demonstrate circumstances permitting federal review and relief. This petitioner has not done.

## V.

### MERITS OF PETITIONER'S ALLEGATIONS

■ Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights. In this petition, WILLIAMS challenges two trial court evidentiary rulings contending they were not only erroneous, but so prejudicial to petitioner that he is entitled to habeas corpus relief. State court evidentiary rulings however, will not support federal habeas corpus relief, unless they are so critical that they deny petitioner a fundamentally fair trial. In this case, petitioner WILLIAMS as reflected by the trial transcript, clearly received a fundamentally fair trial. *Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999) *cert. denied* 529 U.S. 1027, 120 S.Ct. 1437, 146 L.Ed.2d 326 (2000); *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir.1999); *Neal v. Cain,* 141 F.3d 207, 214 (5th Cir. 1998); *Green v. Johnson,* 160 F.3d 1029, 1047 (5th Cir.1998) *cert. denied* 525 U.S. 1174, 119 S.Ct. 1107, 143 L.Ed.2d 106 (1999).

### A.

### *Trial Court's Denial of Jury View*

■ Petitioner argues he was denied due process when the trial court refused to allow the jury to view the automobile in which the offense allegedly occurred. Specifically petitioner argues,

At trial, the State claimed petitioner had sexually assaulted the complainant in petitioner's car. Petitioner asserted that the sex act was consensual and that a forced act of intercourse as the complainant described would have been impossible. Defense counsel requested a

jury view of the car. The court denied the request.

(Fed. Writ Pet., Question No. 12(A), pg. 7). Prior to trial, on January 29, 1996, defendant filed a Motion for Discovery and Inspection with the trial court in which he requested,

> . . .the Court grant this motion and order the district attorney to permit defense counsel to inspect and photograph the above mentioned item [1985 Audi automobile] which are material to matters involved in the above-entitled and numbered cause. And the Court is further requested to order that the state make this vehicle available for view and inspection by the jury at the time of trial.

TR., Vol. I, pg. 38–39. On February 13, 1996, the day of trial, and prior to the seating of the jury, the trial court considered the motion relating to the vehicle and ruled, "I'll permit the Defense to inspect the vehicle and photograph the vehicle and measure the vehicle, and have an expert go over the vehicle, but the vehicle will not be brought to Canyon nor into the courtroom." TR., Vol. I, pg. 10. Thereafter, on appeal, the same issue was addressed by the Seventh Court of Appeals who upheld the trial court's decision and reasoned,

> "The trial court offered to have an expert examine the car so that the expert could testify about any of his findings. Appellant did not accept the trial court's offer, which could have shown all the facts that he could have shown through jury inspection. Further, several photographs of appellant's car were admitted into evidence. In addition, appellant did not present any evidence to show that a jury inspection would have established the matters he claimed the inspection would have shown."

*Williams v. State,* No. 07–96–0089–CR, Slip. Op. at 12. WILLIAMS, in the cur-

rent federal habeas petition, has made only a conclusory allegation, unsupported by specifics, that he was denied due process. This issue has been presented to the appellate court and the Texas Court of Criminal Appeals. Both state courts agree that the trial court has discretion whether to grant a jury view and such discretion is not abused if photographs were introduced which evidenced the matters the jury could have seen through a jury view. The trial court's decision to allow or disallow a jury viewing of an alleged crime scene is highly discretionary. *U.S. v. Triplett,* 195 F.3d 990, 999 (8th Cir.1999) *cert. denied* 529 U.S. 1094, 120 S.Ct. 1735, 146 L.Ed.2d 654 (2000).

As stated in *Triplett,*

> [T]he evidence presented at trial included photographs and diagrams of the sites of Triplett's arrests, as well as witness testimony regarding the circumstances and conditions at those locations at the relevant times. Therefore, notwithstanding Triplett's claim that a jury view of the arrest sites would have been critically helpful to the jury's assessment of the police officers' credibility, we hold that the district court did not abuse its discretion in denying Triplett's jury view request.

See, e.g., *United States v. Crochiere,* 129 F.3d 233, 236 (1st Cir.1997) ("Although a view might have had some indirect impact on the jury's assessment of witness credibility, Crochiere had ample opportunity to, and did, impeach the witnesses' credibility in a variety of ways at trial."), *cert. denied,* 523 U.S. 1048, 118 S.Ct. 1364, 140 L.Ed.2d 513 (1998); *United States v. Johnson,* 767 F.2d 1259, 1273 (8th Cir.1985) ("Because a jury view would have been time-consuming and cumulative of photographic evidence and the testimony, the district court did not abuse its discretion in denying the view request."). Petitioner's claim of error

based upon the trial court's evidentiary ruling denying the request for the jury to personally view the vehicle is without merit.

## B.

### Trial Court's Admission of Social Worker Testimony

Petitioner argues he was denied due process when the trial court allowed, over his objection, the testimony of a social worker with whom petitioner had conversed. As stated by the Court of Appeals for the Seventh District of Texas, "Rule 509 [of the Texas Rules of Criminal Evidence] provides that there is no physician-patient privilege in a criminal proceeding." *Williams v. State*, No. 07–96–0087–CR, 1997 WL 24777, Slip Op. at 3 (Tx.Ct. App.7th Dist.1997, pet. ref'd). At trial, the prosecution argued this very point when it asserted, "But there's not one—I mean, we're in a criminal matter. There is no privilege for a psychiatrist." TR, Vol. III, pg. 256.

Petitioner argues this testimony is barred by *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). *Jaffee*, a civil case, is distinguishable in that it concerned federal privileges and the Federal Rules of Evidence. It did not involve state law privileges. Further, Federal Rule of Evidence 501 specifically defers to the state law of privilege in cases determined by state law.

■ Petitioner argued at trial, as he does herein, that he should be afforded the privilege by analogy since Rule 510 of the Texas Rules of Criminal Evidence make such communications inadmissable if they occur in the context of drug or alcohol treatment or examination. *Williams*, No. 07–96–0089–CR, Slip Op. at 3. However, as discussed by the Appellate Court,

Here, contrary to appellant's contention, the record shows that appellant sought counseling as a suicidal person and not for alcohol or drug abuse. In this regard, appellant has no privilege in Texas for his conversation with a suicide prevention employee. Hence, appellant's objection that the conversation was privileged is without merit. We reiterate that in general privileges are restricted in criminal matters.

*Id.* (citation omitted).

■ Moreover, assuming for argument's sake that the trial court abused its discretion, petitioner has not demonstrated how he was prejudiced by this testimony. The crux of the social worker's testimony was that petitioner claimed he was suicidal when he called because he was having personal problems and had done a bad thing. At trial, petitioner's counsel cross examined the witness as follows:

Q: Well, he pretty much talked about everything? He talked about a wide spectrum of items or things?

A: Within the 45 minutes, yes.

Q: Is it a bad thing to hit your wife?

A: Are you asking my opinion?

Q: Yes.

A: I think it's a bad thing to hit anyone.

Q: But if I had said that I'd done a bad thing and then during the conversation it came up that I had hit my wife, that could have been the bad thing?

A: It could have been. I don't know.

Q: In other words, bad thing covers a very wide area?

A: I'll agree to that.

Q: Now, at what—did he ever mention that he had cheated on his wife?

A: I don't recall that.

TR., Vol. III, pg. 270. It is clear from the record that the social worker was not in-

formed in any detail about the incident for which petitioner was on trial. As such, she did not testify to any specifics or even to the allegation that petitioner had sexually assaulted anyone. Petitioner has not shown that the trial court abused its discretion when it allowed the testimony or how such testimony prejudiced his defense. Further, petitioner WILLIAMS, testifying, affirmed the testimony of the social worker. TR., Vol. IV, pg. 84. For these reasons, petitioner's claim must fail.

## VI.

### *RECOMMENDATION*

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner DANIEL JOSEPH WILLIAMS be DENIED.

## VII.

### *INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT*

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner's counsel by certified mail, return receipt requested, and to counsel for respondent by regular U.S. Mail or other agreed means.

Any party may object to this Report and Recommendation **within fourteen (14) days from its date of filing.** *See* 28 U.S.C. § 636(b); Fed.R.Civ.P. 5(b), 6(e). Any such objections shall be in the form of a written pleading entitled *"Objections to the Report and Recommendation,"* and shall specifically identify the portions of the findings, conclusions, or recommendation to which objection is made, and set out fully the basis for each objection. Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on the Magistrate Judge and all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions set forth in this report and accepted by the district court. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996).

IT IS SO RECOMMENDED.

Feb. 28, 2001.