# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1687

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　 *　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the District
　　v.　　　　　　　　　　　　　　*　of Minnesota.
　　　　　　　　　　　　　　　　　*
James Christopher Henderson,　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　 *

_____

Submitted:　November 19, 2003

Filed:　December 22, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury found James Christopher Henderson guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court[*] sentenced Henderson to 78 months in prison, and he appeals his conviction and sentence, challenging the denial of his requests for the jury to view the vehicle where the gun was found and for admission of a codefendant's statement under Federal Rule

_____

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

of Evidence 804(b)(3), and the denial of a mitigating-role adjustment for sentencing purposes. For the reasons that follow, we affirm.

Henderson was in the front passenger seat of a Ford Expedition driven by Mario Smith when police officers stopped the vehicle to execute a search warrant that included Smith's residence and vehicle. A police officer approaching the vehicle observed Henderson manipulating some items in his lap, and when another officer removed Henderson from the vehicle, he threw wrapped pieces of crack cocaine weighing 1.2 grams to the ground. As another officer opened a rear door, he noticed a large pistol with an eight-inch barrel tucked between the passenger seat where Henderson had been sitting and the center console.

At trial, Henderson conceded he was a convicted felon, but denied knowing there was a gun next to him in the vehicle. The government's theory was that Henderson and Smith jointly possessed the gun and used it for protection in their drug trafficking activities. Smith, who pleaded guilty to a drug offense, gave a statement to the Government exculpating Henderson, who was charged only with the gun offense. Smith said he had bought the pistol found in the vehicle about a year before his arrest from some person on the street, and Smith did not believe Henderson would have been able to see the gun because it was concealed between the center console and the passenger seat. The Government disclosed Smith's statement to Henderson's counsel, but Smith refused to testify under oath about the statement, citing the Fifth Amendment. The government opposed Henderson's request to admit Smith's unsworn statement, arguing its falsity was demonstrated in part by a trace of the gun, which showed the pistol had been stolen from a gun store only five months before Smith's arrest, and by photographs of the vehicle's interior and the officer's statements.

The district court refused to admit Smith's statement, and also refused Henderson's request that the jury be transported to a police garage to view the interior

of the Ford Expedition, a motion the Government opposed as unnecessary in light of the photographs.  At sentencing, the district court also denied Henderson's request for an adjustment to his offense level based on his minor role, finding a mitigating-role reduction was unavailable under U.S.S.G. § 3B1.2 n.2, when there was only one participant in the offense.

We find no abuse of the district court's discretion in either of the challenged evidentiary rulings.  Given the introduction of the photographs of the Expedition's interior, the jury did not need to view the Expedition itself.  See United States v. Triplett, 195 F.3d 990, 998-99 (8th Cir. 1999) (affirming denial of "jury view" request where trial evidence included photographs, diagrams, and witness testimony describing conditions at sites at issue), cert. denied, 529 U.S. 1094 (2000).  The district court properly excluded Smith's hearsay statement because the statement was not supported by corroborating circumstances clearly indicting the statement's trustworthiness.  See Fed. R. Evid. 804(b)(3); United States v. Preciado, 336 F.3d 739, 746 n.3 (8th Cir. 2003).  As for Henderson's sentence, without deciding whether a mitigating-role adjustment is permissible when, as here, only one codefendant was charged with possessing the gun, see U.S.S.G. § 3B1.2 n.2 (requirement of multiple participants), Henderson has not shown the adjustment should have applied to him, see United States v. Smith, 49 F.3d 475, 479 (8th Cir. 1995) (standard of review).  Henderson was closer to the gun than Smith, which supports an inference that Henderson would have been more likely to use it.  Accordingly, we affirm.

LAY, Circuit Judge, concurs only in the result.

_____

-3-