NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3342
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

WADE GUMBS,
Appellant
_____

Appeal from the District Court
of the Virgin Islands Appellate Division
(D.C. Criminal No. 3-03-cr-00014-001)
District Judges:  Hon. Curtis V. Gomez and Hon. Raymond L. Finch
Superior Court Judge:  Honorable Patricia D. Steele
_____

Argued April 12, 2011

Before:  SCIRICA, RENDELL and AMBRO, Circuit Judges

(Opinion Filed: May 4, 2011)
_____

Ravinder S. Nagi, Esq.
Nycole A. Thompson, Esq.  **[ARGUED]**
Bolt Nagi
5600 Royal Dane Mall, Corporate Place
Charlotte Amalie
St. Thomas, VI  00802-6410
   *Counsel for Appellant*

Matthew C. Phelan, Esq.    **[ARGUED]**
Maureen Phelan, Esq.
Office of Attorney General of the Virgin Islands
Department of Justice

34-38 Kronprindsens Gade, GERS Complex, 2nd Floor
Charlotte Amalie
St. Thomas, VI 00802
  *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

On December 4, 2002, Appellant, Wade Gumbs, was convicted in the Superior

Court of the Virgin Islands of first-degree murder, in violation of 14 V.I.C. § 922(A)(1),

and unauthorized possession of a firearm during the commission of a crime of violence,

in violation of 14 V.I.C. § 2253(a). The District Court of the Virgin Islands, Appellate

Division, upheld the convictions. Gumbs now appeals his convictions to this Court and

urges that: (1) he was denied his Sixth Amendment right to effective counsel, (2) the

prosecution failed to release certain information to Gumbs about the victim's medical

records and about government remunerations and assistance given to its key witness,

Andrea Powell, in conflict with *Brady v. Maryland*, 373 U.S. 863 (1963), (3) the

testimony of Andrea Powell and Dr. William Fogarty was insufficient to prove the

charged crimes beyond a reasonable doubt, and (4) the Superior Court abused its

discretion by admitting a certificate of non-existence of record in violation of the

Confrontation Clause.

We are not persuaded by any of Gumbs' first three challenges, and therefore, we

will affirm his conviction for first-degree murder. However, in light of the precedent

established by *Crawford v. Washington, 541 U.S. 36, 51 (2004)*, and *Melendez-Diaz v.*

2

*Massachusetts*, 129 S.Ct. 2527, 2531 (2009), we will vacate Gumbs' conviction for unauthorized possession of a firearm during the commission of a crime of violence, as the certificate of non-existence of record was admitted without Gumbs having the opportunity to confront the individual who prepared the certificate, a clear violation of the Confrontation Clause. As we write solely for the benefit of the parties, who are familiar with the facts and procedural history of the case, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition.

<u>Right to Effective Assistance of Counsel</u>

Gumbs' initial challenge is that his convictions should be vacated because his Sixth Amendment right to effective assistance of counsel was offended by his trial attorney's failure to reasonably prepare for trial, as well as the existence of a conflict of interest due to concurrent representation of Gumbs and a witness.

We do not normally entertain ineffective assistance of counsel claims on direct appeal, as "such claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing." *United States v. Mclaughlin*, 386 F.3d 547, 555 (3d Cir. 2004) (quoting *Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984). Gumbs previously attacked the performance of his trial counsel by means of a Petition for a Writ of Habeas Corpus and lost that challenge. While there was a hearing held in connection with that petition, nonetheless, we agree with the District Court that the record was not sufficiently developed. Thus the District Court did not err in declining

3

to address the issue.[1]  Therefore, Gumbs' challenge based on his Sixth Amendment right to effective assistance of counsel must fail.

Brady Challenge

Gumbs also challenges his convictions on the basis that his due process rights were violated when the prosecution failed to release certain information to the Defendant. In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963).  This was later extended to include impeachment evidence in *Giglio v. United States*, 405 U.S. 150, 154 (1972).  To establish that his due process rights had been violated in this manner, a defendant must show that "(1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material." *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006).  For a *Brady* challenge, we review the trial court's legal conclusions *de novo*, and the factual findings under a clearly erroneous standard.  *United States v. Joseph*, 996 F.2d 36, 39 (3d Cir. 1993).

Here, Gumbs claims that the prosecution withheld certain impeachment evidence about Powell: (1) regarding help Powell received from police officials in relation to her immigration status; (2) regarding money Powell received from police officials; (3)

---

[1] We need not reach the issue as to whether Gumbs' failure to appeal the denial of the writ is a bar to our consideration of the issue, by way of waiver, res judicata, or law of the case.

4

regarding help Powell received from police officials in removing her son from the island after alleged threats were made on his life. The Appellate Division found no violations.

We agree with the Appellate Division's assessment that Gumbs has failed to show that the evidence was not known to Gumbs' attorney. After reviewing the trial transcripts, we think it is clear that Gumbs was sufficiently aware of the allegedly suppressed information, either prior to trial, as Gumbs raised these issues very specifically on cross examination of witnesses, or, at least during trial, as the information was clearly made available while the prosecution was conducting direct examination and Gumbs was able to utilize the information effectively as impeachment evidence on cross. *See United States v. Johnson,* 816 F.2d 918, 924 (3d Cir. 1987)("Where the government makes *Brady* evidence available during the course of a trial in such a way that a defendant is able effectively to use it, due process is not violated and *Brady* is not contravened."). Gumbs also challenges the prosecution's failure to produce the victim's medical records, but this information was equally available to Gumbs and the government, so this *Brady* challenge must fail as well. *United States v. Pelullo*, 399 F.3d 197, 202 (3d Cir. 2005)( "[T]he government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself."(*quoting United States v. Starusko*, 729 f.2d 256, 262 (3d Cir. 1984)).

Sufficiency of the Evidence

Gumbs also claims that the evidence offered by the prosecution was insufficient to support his convictions. Our standard of review for this type of challenge is plenary, and

we must uphold a verdict if, after viewing the evidence in the light most favorable to the government and giving the government the benefit of all inferences, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voight*, 89 F.3d 1050, 1080 (3d Cir. 1996)(citations omitted).

Gumbs argues that the prosecution could not prove his crimes beyond a reasonable doubt because the Powell's credibility was severely damaged by the impeachment evidence offered at trial and there was insufficient evidence offered as to cause of death. Gumbs argument is based on the witness' alleged lack of credibility, as Gumbs does not claim that the prosecution failed to make out any of the elements of the crime; rather he merely argues that the weight of evidence leads to a reasonable doubt. The jury did not agree, and neither can we. It was not irrational for the jury to find the witness credible and convict based on her testimony.

As to the cause of death, the coroner testified that the cause of death was "major lacerations to both cerebral hemispheres to the brain due to a gunshot wound to the head." Gumbs' argument to defeat this theory at trial by urging that the harvesting of the victim's organs was the real cause of death was not accepted by the jury. It is clear to us that the evidence adduced at trial was sufficient for a rational jury to find Gumbs guilty of the crimes charged.

## Confrontation Clause

Gumbs also posits a Confrontation Clause challenge to the admission of a certificate of non-existence of record ("CNR") regarding Gumbs not being licensed to

6

carry a gun. Our review is governed by an abuse of discretion standard. *US v. Prosper*, 375 Fed. Appx. 190, 194 (3d Cir. 2010). We hold that the Superior Court erred in admitting the CNR without Gumbs having the opportunity to confront the person who prepared the document.

In *Crawford*, the Supreme Court held that the Confrontation Clause applies to any individual who "bear[s] testimony" against the accused and described a core class of testimonial statements – which includes affidavits – to which the Confrontation Clause applies. 541 U.S. at 51. This rule was then clarified in *Melendez-Diaz* to include the admission of certificates of analysis, utilized by prosecutors to prove the weight and type of seized drugs, finding that these certificates are "affidavits … that declarants would reasonably expect to be used prosecutorially." 129 S.Ct. at 2531 (quoting *Crawford*, 541 U.S. at 51). In doing so, the *Melendez-Diaz* Court analogized the certificates of analysis to CNRs, and as a result, the Second, Fifth, Ninth, and D.C. Circuits have held that the Confrontation Clause applies to CNRs, as the certificates are offered as substantive evidence against a defendant whose guilt depends on the document's accuracy. *United States v. Madarikan*, 356 Fed.Appx. 532 (2d Cir. 2009); *United States v. Martinez-Rios*, 595 F.3d 581 (5th Cir. 2010); *United States v. Orozco-Acosta*, 607 F.3d 1156 (9th Cir. 2010); *Tabaka v. District of Columbia*, 976 A.2d 173 (D.C. Cir. 2009).

We agree with our sister Circuits and, therefore, will vacate Gumbs' conviction for the crime of unauthorized possession of a firearm during the commission of a crime of violence, and remand this count for further proceedings.

7

## Conclusion

Accordingly, we will AFFIRM Gumbs conviction for the crime of first degree murder, and VACATE his conviction for the crime of unauthorized possession of a firearm during the commission of a crime of violence, and remand this count for further proceedings.