# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3641

_____

United States of America,        *
                                  *

        Appellee,             *

                                  *   Appeal from the United States

        v.                    *   District Court for the

                                  *   Western District of Missouri.

Christopher J. Scroggins,        *

                                  *

        Appellant.            *

_____

Submitted: May 13, 2011
Filed: August 9, 2011

_____

Before RILEY, Chief Judge, SMITH, Circuit Judge, and STROM,[1] District Judge.

_____

RILEY, Chief Judge.

Christopher J. Scroggins appeals the district court's[2] denial of his motion to allow the jury to view, in person, the area beneath the console of his car where police discovered a hidden firearm. Scroggins argues the district court's ruling was an abuse of discretion and violated Scroggins's Fifth Amendment due process right to present a defense. We disagree and affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

## I.    BACKGROUND

On November 26, 2008, at approximately 6:00 p.m., Scroggins was operating his 2006 Chevrolet Monte Carlo SS in Kansas City, Missouri, when Kansas City police officers Mark McKenney and Mike Livers stopped Scroggins for failing to signal a lane change and for outstanding warrants associated with the car's license plate. When Scroggins admitted he had outstanding warrants, the officers handcuffed him and searched his vehicle.

Officer McKenney found a loaded Charter Arms .44 caliber revolver beneath the front console of Scroggins's car. Although Scroggins denied knowing anything about the gun, the officers arrested him for being a felon in possession of a firearm.

On February 25, 2009, a grand jury indicted Scroggins for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before trial, Scroggins requested the district court permit the jury to view his car (which he no longer owned) or, alternatively, a 2007 Monte Carlo SS that Scroggins maintained was identical to his. Scroggins argued a jury viewing would "afford the jurors a complete understanding of the area in which the firearm was located." The government did not oppose Scroggins's motion.

On March 26, 2010, the district court denied Scroggins's motion, finding photographs of Scroggins's vehicle "adequately depict the area of the actual car that is in dispute, and that an inspection of a similar model car would be time-consuming and cumulative of the photographic evidence." On March 29, 2010, the district court began a two-day jury trial. At trial, Scroggins renewed his request for a jury viewing of the car, with each juror having an opportunity to sit in the driver's seat, which the district court again denied. On March 30, 2010, the jury found Scroggins guilty of being a felon in possession of a firearm. This appeal followed.

## II.   DISCUSSION

Scroggins contends the district court erred in denying his request for a jury viewing because the trial testimony and photographs admitted into evidence did not adequately demonstrate Scroggins's physical access to the area where the firearm was hidden or establish whether the location had been modified. According to Scroggins, the district court "violated his Fifth Amendment due process right to present a defense by not allowing the jury to examine [the console area of a vehicle essentially identical to Scroggins's]." We disagree.

"The trial court's decision to allow or disallow a jury viewing of an alleged crime scene [and objects outside the courtroom] is highly discretionary." United States v. Triplett, 195 F.3d 990, 999 (8th Cir. 1999) (affirming a district court's discretionary denial of a request to allow the jury to view the crime scene, where the jury observed photographs, diagrams, and witness testimony describing the crime scene). A district court does "not abuse its discretion in denying [a] view request," when a jury view would be "time-consuming and cumulative of photographic evidence and the testimony" presented at trial. United States v. Johnson, 767 F.2d 1259, 1273 (8th Cir. 1985). See also United States v. Henderson, 86 F. App'x 213, 214 (8th Cir. 2003) (unpublished per curiam) ("Given the introduction of the photographs of the [vehicle's] interior, the jury did not need to view the [vehicle] itself.").

Here, the jury heard detailed testimony from Officer McKenney about the area where he found the firearm, including the officer's concession on cross-examination that the area in question had not been modified as he had originally testified. The defense presented two automotive technicians familiar with Monte Carlos in general and Scroggins's vehicle in particular who described the dimensions of the area beneath the console and testified the area was the result of vehicle design, rather than a post-manufacturing modification. The jury also viewed photographs and detailed diagrams of the car's console. None of the witnesses indicated any difficulty in using the photographs to explain their testimony regarding the area where the gun was found or

Scroggins's access to that area. The district court did not abuse its broad discretion in finding a jury view of the car would be unnecessarily time-consuming and cumulative of the other evidence presented at trial.

We also reject Scroggins's contention that the district court's decision violated his constitutional right to present a defense. Our de novo review of the record, see United States v. Montgomery, 635 F.3d 1074, 1091 (8th Cir. 2011) (standard of review), reveals Scroggins took full advantage of the "meaningful opportunity to present a complete defense" guaranteed to him by the Constitution. Khaalid v. Bowersox, 259 F.3d 975, 978 (8th Cir. 2001) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986) (internal quotation marks omitted)). The district court's denial of a jury view did not violate Scroggins's constitutional rights.

## III. CONCLUSION
We affirm.

_____