**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**CHRISTOPHER SIMMONDS, Defendant**

Case No. ST-10-CR-F359
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
June 13, 2012

SIGRID TEJO-SPROTTE, ESQ., CHARLES WILLOUGHBY, JR., ESQ., Assistant Attorneys General, U.S. Virgin Islands Department of Justice, St. Thomas, USVI, *Attorneys for Plaintiff.*

SAMUEL L. JOSEPH, ESQ., Assistant Territorial Public Defender, Office of the Territorial Public Defender, St. Thomas, USVI, *Attorney for Defendant.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

### (June 13, 2012)

Before the Court is a "Motion in Limine" dated May 29, 2012, filed by the People of the Virgin Islands (the "People"). Defendant Christopher Simmonds has not yet responded to the motion.[1] Also pending before the Court is Mr. Simmonds's "Motion for Jury to Visit Crime Scene," dated May 23, 2012, which the People oppose. By Order dated June 7, 2012, this Court denied both motions. The reasons for the Court's actions are set forth below.

## I. PROCEDURAL BACKGROUND.

For purposes of this opinion, the background of this case is straightforward. During the early afternoon of April 5, 2009, Cedric Rouse, Jr. was shot and killed in the area of St. Thomas, Virgin Islands known as Hospital Ground. After due investigation by the Virgin Islands

---

[1] Because of the date on which the People's motion in limine was filed, May 29, 2012, Mr. Simmonds's deadline to respond to the People's motion is June 12, 2012. *See*, SUPER. CT. R. 7; LRCi 7.1(e)(1). This date falls after the day on which the jury selection and trial of this cause are set to commence. Under these circumstances, the Court's comment that Defendant Simmonds has not yet responded to the People's motion is not meant to suggest that Defendant has not acted in a timely fashion.

Police Department ("VIPD"), on June 29, 2010, a four-count Information was filed against Defendant Christopher Simmonds charging him with the homicide of Mr. Rouse and related criminal infractions. Specifically, Mr. Simmonds is charged with single counts of first degree murder[2] and first degree assault,[3] as well as two counts of unauthorized possession and use of a firearm in a crime of violence.[4] A warrant was issued by this Court for Mr. Simmonds's arrest on June 3, 2010, and he was arrested by VIPD on January 21, 2011. The jury selection and trial for this matter commenced on Monday, June 11, 2012.

## II. LEGAL ANALYSIS.

### a. The People's motion in limine must be denied under *Crawford v. Washington* and *Melendez-Diaz v. Massachusetts*.

The People's instant motion in limine was filed on May 29, 2012. Therein, the People seek to admit a certified copy of a "Certificate of Content of Official Record, Absence of Entry, Firearm Register for the District of St. Croix" ("St. Croix Firearm Certificate") through the testimony of Corporal Bernard Burke of the VIPD. Corporal Burke is responsible for the Firearm Register for the District of St. Thomas, St. John, and Water Island, and did not perform the Firearm Register search for the District of St. Croix. Rather, the person responsible for the Firearm Register for the District of St. Croix, and the person who performed the firearm license records search for this case in the St. Croix District, is Detective Karen Stout of VIPD. The People contend that the St. Croix Firearm Certificate should be admitted into evidence through the testimony of Corporal Burke because: 1) he has the same duties as Detective Stout; 2) he is familiar with the manner in which Detective Stout performs firearm record checks in St. Croix; 3) he performs firearm record checks in the District of St. Thomas, St. John, and Water Island in the same manner that Detective Stout performs such searches in the District of St. Croix; and 4) he is familiar with Detective Stout's handwriting. The People submit that through Corporal Burke, the St.

---

[2] V.I. CODE ANN. tit. 14, §§ 921, 922(a)(1).

[3] 14 V.I.C. § 295(1).

[4] 14 V.I.C. § 2253(a).

Croix Firearm Certificate is admissible pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence.[5]

The purposes of the People's motion in limine appear to be: 1) to avoid the cost of transporting Detective Stout from St. Croix to St. Thomas to testify as a live witness at trial; and 2) to avoid having two officers away from other duties to cover similar testimony at trial. The Court understands the People's desire to conserve their fiscal resources and manpower. In light of the current economic circumstances facing governmental agencies and the Territory as a whole, the People's goals in this respect are laudable. However, these financial and personnel concerns must give way to the constitutional concerns placed at issue by their motion.

■ Although the People seek admission of the St. Croix Firearm Certificate under the Federal Rules of Evidence, their motion does not at all address the constitutional rights of Defendant Simmonds which are directly implicated by their request. The Court notes that under the Sixth Amendment to the United States Constitution, a defendant in a criminal trial under the United States flag has the right "to be confronted with the witnesses against him."[6] This protection has been expressly extended to defendants in criminal trials conducted in the United States Virgin Islands by the Revised Organic Act of the Virgin Islands of 1954.[7] In *Crawford v. Washington*,[8] the United States Supreme Court restated the principle that, in criminal cases, "Testimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."[9] Further, the High Court made clear that out-of-court testimonial statements, even if they may be admissible under the applicable rules of evidence, are barred from introduction as evidence in criminal cases by

---

[5] The Federal Rules of Evidence govern the admissibility of evidence in trials in this Court. Act No. 7161 § 15(b), 2010 V.I. Sess. Laws 50; SUPER. CT. R. 7, 12.

[6] U.S. CONST. amend VI.

[7] *See*, Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. CODE ANN. tit. 1).

[8] 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

[9] *Id.* at 59. *See also, Melendez v. People*, S.Ct. Crim. No. 2010-0071, 2012 V.I. Supreme LEXIS 8, at *30 (V.I. Feb. 2, 2012).

the Confrontation Clause of the Sixth Amendment if there is no opportunity for the defendant to cross-examine the declarant.[10]

■ What *Crawford v. Washington* left unanswered was a clear definition of what statements are "testimonial" in nature.[11] But, in *Melendez-Diaz v. Massachusetts*,[12] the Supreme Court provided some additional guidance regarding when a governmental certificate sought to be used by the prosecution in a criminal trial is testimonial, thus mandating an opportunity for a defendant to cross-examine its issuer before it may be admitted. Where the certificate at issue is a sworn averment of information and offered to prove a fact at issue in the criminal trial, it is ". . . functionally equivalent to live, in-court testimony, doing 'precisely what a witness does on direct examination.' "[13]

■ With respect to certificates such as the St. Croix Firearm Certificate at issue in this case, neither the Supreme Court of the Virgin Islands ("V.I. Supreme Court") nor the Superior Court, have expressly held that they are testimonial.[14] Therefore, this Court must look to precedent from other courts. A survey of the federally-created courts which have jurisdiction in the Virgin Islands reveals divergent opinions on this exact issue. The Appellate Division of the District Court of the Virgin Islands ("Appellate Division"), applying *Crawford* and relying on precedent from the Fifth, Ninth, and Tenth federal circuit courts of appeal,[15] previously held that such certificates were business records and, therefore, not testimonial.[16]

---

[10] *Id.* at 61 ("Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability.' ").

[11] *Id.* at 68 ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial.' ").

[12] 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009).

[13] *Id.* at 2532 (quoting *Davis v. Washington*, 547 U.S. 813, 830, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006)).

[14] In *People v. Cascen*, 55 V.I. 349 (V.I. Super. Ct. 2011) (Brady, J.), the defendant challenged Detective Stout's competence to testify about the certificate of no firearm license for the St. Thomas, St. John, Water Island District. However, in *Cascen*, Detective Stout had personally performed the searches for both districts. *See*, 55 V.I. at 374 n. 9. Thus, the precise issue before this Court was not addressed in *Cascen*.

[15] The Appellate Division relied upon *United States v. Urqhart*, 469 F.3d 745 (10th Cir. 2006), *United States v. Salazar-Gonzalez*, 458 F.3d 851 (9th Cir. 2006), and *United States v. Rueda-Rivera*, 396 F.3d 678 (5th Cir. 2005) in reaching its conclusion.

[16] *Government v. Richardson*, 51 V.I. 449, 461-62 (D.V.I. App. Div. 2009).

However, *Government v. Richardson* was issued approximately five months prior to *Melendez-Diaz v. Massachusetts*, and the Appellate Division did not have the benefit of the Supreme Court's clarification on the factors which determine whether a document is testimonial for purposes of the Confrontation Clause. More recently, the United States Court of Appeals for the Third Circuit ("Third Circuit"), in another case originating out of the Virgin Islands declared that such certificates are testimonial, utilizing the standard of *Crawford* and the additional guidance of *Melendez-Diaz*.[17] This Court will follow the precedent of the Third Circuit for several reasons.

First, the V.I. Supreme Court previously held that decisions of the Appellate Division and the Third Circuit which were handed down prior to January of 2007, when the V.I. Supreme Court commenced operations, are binding on this Court.[18] However, both *Government v. Richardson* and *Virgin Islands v. Gumbs* were filed well after 2007. The language used by the V.I. Supreme Court in *In re People* suggests that decisions of the Appellate Division and Third Circuit issued after January of 2007 are not binding on this Court.[19] This interpretation is consistent with the 1984 and 1994 amendments to Section 23 of the Revised Organic Act, which mandate that the relationship between Virgin Islands territorial courts and federal courts shall be the same as the relationships between state courts and federal courts.[20] Importantly, decisions of federal courts of appeals on federal constitutional issues are not binding on state courts, but constitute

---

[17] *Virgin Islands v. Gumbs*, 426 F. App'x 90, 93-94 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1033, 181 L. Ed. 2d 761 (2012).

[18] *In re People*, 51 V.I. 374, 389 n. 9 (V.I. 2009) ("Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation 'did not erase pre-existing case law,' and thus 'precedent that was extent when [the Court] became operational continues unless and until [the Court] address[es] the issues discussed there.' *People v. Quenga*, 1997 Guam 6 ¶ 13 n. 4. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.").

[19] Of course, this Court may not ignore the mandates of these appellate tribunals in any particular cases over which they continue to maintain appellate jurisdiction.

[20] Revised Organic Act of 1954, § 23, 48 U.S.C. § 1613, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 157-158 (1995 and Supp. 2011) (preceding V.I. CODE ANN. tit. 1) ("The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other mat-

persuasive authority.[21] Thus, according to such general principles, it appears that the post-2007 decisions of the Third Circuit are not automatically binding on Virgin Islands courts. However, in Section 23 of the Revised Organic Act, the United States Congress expressly vested the Third Circuit with the authority to retain some discretionary appellate authority over decisions of the V.I. Supreme Court for a period not to exceed fifteen (15) years. Therefore, until either the expiration of the statutory fifteen-year period, or an earlier congressional enactment divesting it of its discretionary appellate authority,[22] the Third Circuit still has the authority to render mandatory authority for the Virgin Islands. Hence, I am required to apply the precedent of *Virgin Islands v. Gumbs*.

However, there are additional reasons why the precedent of *Virgin Islands v. Gumbs* should be followed. First, it is of note that the holdings in two of the cases relied upon by the Appellate Division in *Government v. Richardson* for the proposition that certificates like the St. Croix Firearm Certificate are not testimonial have been overruled by the respective courts of appeal based upon the clarification provided by the Supreme

---

ters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings: *Provided*, That for the first fifteen years following the establishment of the appellate court authorized by section 1611(a) of this title, the United States Court of Appeals for the Third Circuit shall have jurisdiction to review by writ of certiorari all final decisions of the highest court of the Virgin Islands from which a decision could be had.").

[21] *E.g., Loher v. State*, 118 Haw. 522, 193 P.3d 438, 453 n. 16 (Haw. Ct. App. 2008) ("Hawai'i's courts are not obligated to follow the decisions of the Ninth Circuit even on questions of federal constitutional law.") (citation omitted); *Degren v. State*, 352 Md. 400, 722 A.2d 887, 894 (Md. 1999) (". . . 'unlike decisions of the Supreme Court of the United States, decisions of federal circuit courts of appeals construing the federal constitution and acts of the Congress pursuant thereto, are not binding upon us.' ") (citations omitted); *People v. Kin Kan*, 78 N.Y.2d 54, 574 N.E.2d 1042, 1045, 571 N.Y.S.2d 436 (N.Y. 1991) (". . . the interpretation of a Federal constitutional question by the lower Federal courts may serve as useful and Persuasive authority for our Court while not binding us.") (citations omitted).

[22] In Section 23 of the Revised Organic Act, Congress provided for five-year reviews of the V.I. Supreme Court by the Third Circuit to determine ". . . whether [the V.I. Supreme Court] has developed sufficient institutional traditions to justify direct review by the Supreme Court of the United States from all such final decisions." The first review has been conducted and is due to be announced to the V.I. Supreme Court on June 19, 2012, by the Honorable Theodore A. McKee, Chief Judge of the Third Circuit. Depending on the conclusions of the report, the U.S. Congress may terminate the Third Circuit's discretionary appellate jurisdiction earlier.

Court in *Melendez-Diaz*.[23] And, the Tenth Circuit has impliedly criticized its own holding in the third case relied upon by the Appellate Division.[24] Clearly, because the Third Circuit had the benefit of *Melendez-Diaz* in reaching its decision, while the Appellate Division lacked that additional guidance, *Virgin Islands v. Gumbs* is more consonant with current Supreme Court precedent and should be applied to this matter.

█ Second, in order to prove their charges in Counts Two and Four of the Information, the People must prove: 1) that Mr. Simmonds was in possession of a firearm; and 2) that he lacked any legal authorization to possess said firearm.[25] Significantly, in the Virgin Islands, the mere possession of a firearm is not a crime.[26] Therefore the innocence or guilt of Mr. Simmonds on Counts Two and Four hinges on his legal authorization, or lack thereof, to possess a firearm in the Territory. It flies in the face of the Confrontation Clause to suggest that Defendant Simmonds should not have the right to cross-examine a person with personal knowledge about the document containing the facts which are critical to the People's establishment of one of the two elements of the charges under 14 V.I.C. § 2253(a). While Corporal Burke may testify to the procedures generally followed by VIPD when searching for a firearm license record, only Detective Stout can state exactly what steps she took when conducting the search vis-à-vis Defendant Simmonds, why she took them, and the information she relied upon to conduct the search. These are items that are the proper subject of cross-examination which Defendant Simmonds is constitutionally entitled to conduct.

█ Finally, it is clear that the People will present live witnesses to testify about Mr. Simmonds's actual possession of a firearm — the first element of these charges. This Court expects nothing less than live testimony to support the second element of the charges. Indeed, it would be patently inconsistent to allow the People to proceed with anything other than live testimony on the issue of whether Mr. Simmonds had any

---

[23] *See, United States v. Martinez-Rios*, 595 F.3d 581, 584-586 (5th Cir. 2010); *United States v. Orozco-Acosta*, 607 F.3d 1156, 1161 n. 3 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 946, 178 L. Ed. 2d 782 (2011).

[24] *United States v. Salinas-Valenciano*, 220 F. App'x 879, 883 (10th Cir. 2007).

[25] *Ambrose v. People*, S.Ct. Crim. No. 2007-0041, 2012 V.I. Supreme LEXIS 1, at *8 (V.I. Jan. 3, 2012).

[26] *United States v. Ubiles*, 224 F.3d 213, 217-18 (3d Cir. 2000).

legal authorization to possess a firearm in the Virgin Islands. Based on the precedents of the United States Supreme Court, the Third Circuit, and the policies underlying the Confrontation Clause, this Court cannot, and will not, allow the St. Croix Firearm Certificate to be introduced into evidence through any witness other than Detective Stout.[27]

### b. Defendant Simmonds has not articulated sufficient justification for a jury visit to the crime scene.

Defendant Simmonds requests that this Court allow the jury to visit the crime scene during the course of his upcoming trial. In support of this motion, Defendant avers, in conclusory fashion, that the viewing is "crucial, critical and essential to his defense." He further suggests that the viewing will allow the jury to have ". . . a better understanding of the case, the testimony of the witnesses, the location of evidence recovered and will also assist [them] in [their] deliberations." The People oppose this motion, claiming that the jurors may be exposed to intimidation by associates of Mr. Simmonds or otherwise be placed in harm's way. The People also suggest that Defendant has not demonstrated why the evidence which will be presented in the courtroom during the trial is insufficient to adequately inform the jury about the crime scene area. The Court agrees with the People that Defendant Simmonds has not enunciated enough reasons for the jury viewing.

The decision to grant or deny a motion requesting that a jury visit a crime scene during the course of trial is committed to the discretion of the trial court and will not be overturned absent an abuse of such discretion.[28] The trial court evaluates a variety of factors when deciding whether a jury should view a crime scene.[29] These considerations include, but are not limited to, the potential for jury confusion, the effect of the viewing on the orderly effect on the trial, logistical difficulties, the

---

[27] Of course, Defendant may always waive his right to confront a witness and stipulate to the introduction of the certificate. However, there is no evidence at this point that he intends to waive any of his constitutional rights.

[28] *Virgin Islands v. Taylor*, 6 V.I. 134, 375 F.2d 771 (3d Cir. 1967). *See also, United States v. Sanford*, 173 F. App'x 943, 947 (3d Cir. 2006); *Williams v. Johnson*, 169 F. Supp. 2d 594, 601 (N.D. Tex. 2001) ("The trial court's discretion to allow or disallow a jury viewing of an alleged crime scene is highly discretionary.") (citations omitted).

[29] *United States v. Sanford*, 173 F. App'x at 947 (citing *United States v. Woolfolk*, 197 F.3d 900, 905-06 (7th Cir. 1999)).

availability of other evidence such as photographs, maps, diagrams, or live testimony describing the area in question, and the ability of the defendant to adequately cross-examine the witness testimony.[30]

 Defendant's naked assertion that a jury view is indispensable to his defense is unavailing in the absence of some underlying rationale. Without some discussion of the relevant factors by Mr. Simmonds, the Court is unable to hold that a jury viewing is appropriate in this case. Further, the bald claim that a jury view will assist the jury in understanding the testimony of the trial witnesses suggests that a jury visit is appropriate in all cases simply to assist in the jurors' determination of the credibility of the parties' witnesses.[31] Such a proposition runs counter to the well-settled principle that a jury view is discretionary and not granted routinely.[32]

In addition, the People are correct that Defendant Simmonds has not provided any reasonable basis on which I can conclude that the in-courtroom testimony and evidence requires supplementation by a jury view of the crime scene. Defendant has not alleged that there are no pictures or diagrams which accurately portray the crime scene area, or why eyewitness testimony is unavailing. Defendant certainly will have ample opportunity to cross-examine the People's witnesses, and present his own witnesses if he so opts, regarding the description of the crime scene and any other issues raised at trial. Defendant also fails to confirm that the area to be viewed is in substantially the same condition as it was on the date of the incident, which is a factor for courts to consider when a site visit is requested.[33] Finally, a jury view of a crime scene involves the use of a significant number of Superior Court Marshals to provide transportation and security for the jurors and court staff. In the absence of

---

[30] See, United States v. Crochiere, 129 F.3d 233, 236 (1st Cir. 1997). See also, United States v. Scroggins, 648 F.3d 873, 874 (8th Cir. 2011), cert. denied, 132 S. Ct. 861, 181 L. Ed. 2d 561 (2011); United States v. Chiquito, 175 F. App'x 215, 217-18 (10th Cir. 2006).

[31] See, Mundy v. Warden of California State Prison at Susanville, No. SA CV 01-01066 VAP (RZ), 2009 U.S. Dist. LEXIS 130781, at *28 (C.D. Cal. Feb. 26, 2009).

[32] See, Inaganti v. Columbia Properties Harrisburg, LLC, Civil Action No. 10-1651, 2010 U.S. Dist. LEXIS 59166, at *10 (E.D. Pa. June 15, 2010) ("First, it is highly unusual to have a jury view an accident scene") (citations omitted); Ruelas Aldaba v. Michelin North America, Inc., No. C 04-5369 MHP, 2005 U.S. Dist. LEXIS 37934, at **23-24 (N.D. Cal. Dec. 29, 2005) (". . . jury viewing of accident scenes are rare and . . . in most cases, photographs of the scene will be adequate.") (citation omitted).

[33] See, United States v. Maxie, 294 F. App'x 247, 249 (8th Cir. 2008).

clearly-stated reasons why a jury view would assist in securing the ends of justice in this case, the use of such resources cannot be justified.

## III. CONCLUSION.

Because the Certificate of Content of Official Record, Absence of Entry, Firearm Register for the District of St. Croix sought to be utilized at trial by the People contains testimonial out-of-court statements, it cannot be admitted through Corporal Burke's testimony pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution. Further, Defendant has not provided adequate reasons to support an order for a jury view of the crime scene. It is for these reasons that the People's Motion in Limine and Defendant's Motion for Jury to Visit Crime Scene were both denied in the Court's Order of June 7, 2012.