# ORSEL EDNEY, JR., Appellant/Defendant
## v.
# DELTA EDNEY, Appellee/Plaintiff

S. Ct. Civil No. 2015-0051

Supreme Court of the Virgin Islands

June 7, 2016

MARTIAL A. WEBSTER, SR., ESQ., St. Croix, USVI, *Attorney for Appellant.*

CYNTHIA B. MOORE, ESQ., Legal Services of the Virgin Islands, Inc., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(June 7, 2016)

CABRET, *Associate Justice.* The former husband in this case appeals from the Superior Court's denial of his motion to modify a settlement agreement reached in divorce proceedings with his former wife. Because the husband failed to demonstrate a substantial and continuing change in

circumstances that would justify modifying the settlement agreement, the Superior Court did not err in denying his motion, and we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The wife filed this divorce action on May 19, 2005, seeking a divorce from her husband due to irreconcilable differences. The case was submitted to mediation, producing a May 4, 2007 settlement agreement where the parties agreed that "each [party] shall receive an interest in the other [party's] retirement/pension plan in accordance with the law" pursuant to a formula specified in the agreement. The parties then filed a stipulation for divorce and proposed findings of fact, attaching the settlement agreement. The stipulation requested that the court incorporate the settlement agreement into the divorce decree, which the Superior Court did in a July 5, 2007 divorce decree.

On May 23, 2008, the Superior Court entered an order captioned as a "Qualified Domestic Relations Order" directing the Government Employees Retirement Service to pay a portion of the husband's retirement benefits to the wife in accordance with a formula based on the number of years they were married while the husband worked for the Virgin Islands Government. This formula was altered by stipulation in an October 7, 2009 order, providing that the wife's interest in the husband's retirement benefits shall be calculated "pursuant to *Fuentes v. Fuentes*, 41 V.I. 86 (V.I. Super. Ct. 1999)."[1] The case was then closed on March 18, 2010.

On February 4, 2013, the husband filed a motion to modify the order, arguing that during mediation, "he was erroneously advised by his counsel, the mediator and [the wife's] counsel" that *Fuentes* was controlling authority providing that his retirement benefits were marital property subject to distribution. He argued that amendments to the Virgin Islands Code overturned the reasoning of *Fuentes* in 2005, and so his pension was not marital property subject to distribution in divorce

---

[1] In two related opinions, the Superior Court held that government pension benefits were marital property subject to distribution in divorce proceedings, and further provided a formula for calculating the distribution taking into account years of government service during the marriage. *Fuentes v. Fuentes*, 38 V.I. 29, 40 (V.I. Super. Ct. 1997) (holding that a retirement pension is marital property); *Fuentes v. Fuentes*, 41 V.I. 86, 99-100 (V.I. Super. Ct. 1999) (setting out a formula for distribution of pension benefits). This Court has yet to address whether pension benefits constitute marital property.

proceedings when the divorce decree was entered. He further argued that because the wife has not yet retired, he is unable to receive the portion of her retirement benefits that he is entitled to under the settlement agreement. In her response, the wife argued that the settlement agreement was valid and that there had been no change in circumstances that would warrant a modification of the agreement.

After several delays, the Superior Court held that the settlement agreement was enforceable in an October 7, 2014 order. The Superior Court then held hearings on November 25, 2014, and April 27, 2015, on the interpretation of the agreement's terms with regard to the retirement funds. On May 5, 2015, the Superior Court issued an order denying the husband's motion and preventing the wife from accessing her retirement funds in order to preserve the husband's interest in them. The husband filed a timely notice of appeal on June 2, 2015.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). The Superior Court's May 5, 2015 order denying the husband's motion to modify the settlement agreement is a final order and therefore we have jurisdiction over this appeal. *Bradford v. Cramer*, 54 V.I. 669, 671 (V.I. 2011).

## III. DISCUSSION

On appeal, the husband renews his argument that the settlement agreement should be set aside because his government pension is not marital property subject to distribution in a divorce action. He argues that even though *Fuentes v. Fuentes*, 41 V.I. 86 (V.I. Super. Ct. 1999), held that pensions are marital property, that decision was overturned by the 2005 amendment of provisions of the Virgin Islands Code dealing with government pensions. He further contends that the mediator, his attorney, and the wife's counsel told him that *Fuentes* was the governing law providing that his pension was marital property subject to distribution during divorce, and so the agreement was based on "an erroneous understanding of what the law is."

The husband raised these same arguments in his February 4, 2013 motion, which the Superior Court rejected in its October 7, 2014 order. The court held that even if the pension was non-marital property, because

it was divided by the parties under a mediated settlement agreement — as opposed to being distributed by the Superior Court itself during divorce proceedings — the agreement was valid and properly accepted by the Superior Court during the divorce proceedings. Because this was a legal conclusion, we review it *de novo. Mahabir v. Heirs of George*, 63 V.I. 651, 659 (V.I. 2015) (citing *Malloy v. Reyes*, 61 V.I. 163, 173 (V.I. 2014)).

■■ We agree with the Superior Court that regardless of whether the husband's retirement pension was marital property subject to distribution — and regardless of whether *Fuentes*[2] was correctly decided — his pension was not divided by court order as part of divorce proceedings. Instead, the husband agreed to give the wife an interest in his pension through the settlement agreement. While the Superior Court is limited to providing "for the award to the parties of all *marital* property, in accordance with principles of equitable distribution" in the divorce decree, 16 V.I.C. § 109(a)(7) (emphasis added), all authorities appear to agree that regardless of what property the court has authority to divide during divorce proceedings, "parties to a divorce are free to bargain away their separate property in settlement agreements." *Boyett v. Boyett*, 799 S.W.2d 360, 363 (Tex. App. 1990) (citations omitted); *see also Watts v. Watts*, 466 So. 2d 889, 890 (Miss. 1985) ("[An] exception to [the] general rule [that separate property cannot be divided by a divorce court] is where there is a consent decree wherein the parties agree to such a division of [separate property] and it is incorporated into the divorce decree itself." (citing *Wray v. Langston*, 380 So. 2d 1262 (Miss. 1980))); 27B C.J.S. *Divorce* § 855 ("The court . . . can divide separate, nonmarital property where the parties have agreed that it is permissible.").[3]

---

[2] As the decisions of a single Superior Court judge, the *Fuentes* opinions do not constitute controlling authority in any subsequent proceeding. *In re Q.G.*, 60 V.I. 654, 661 n.8 (V.I. 2014) ("[T]he decision of a single Superior Court judge . . . is not binding precedent on other Superior Court judges." (citing *Threadgill v. Armstrong World Indus.*, 928 F.2d 1366, 1371 & n.7 (3d Cir. 1991))). Thus, it is unclear why the parties in this case, and the Superior Court itself, treated it as such.

[3] *Herrera v. Herrera*, 895 So. 2d 1171, 1174 (Fla. Dist. Ct. App. 2005) ("A non-marital asset may not be conveyed to a non-owner spouse as equitable distribution absent an agreement." (citations omitted)); *In re Marriage of Vella*, 237 Ill. App. 3d 194, 603 N.E.2d 109, 114 (1992) ("[W]here two parties enter into a marital settlement agreement . . . we view the agreement as a valid allocation of marital and nonmarital property rights." (citation omitted)); *Myland v. Myland*, 290 Mich. App. 691, 804 N.W.2d 124, 130 (2010) (holding that the parties to a settlement agreement in a divorce can designate which property will be divided and which

██ Such settlement agreements "are binding when approved by the court and embodied or merged in the decree entered by the court in a divorce proceeding, unless it appears that the decree was procured through fraud." 27C C.J.S. *Divorce* § 928 (collecting cases); *see also Peter v. Peter*, 262 Neb. 1017, 637 N.W.2d 865, 874 (2002) (a settlement agreement incorporated into a divorce decree "will not thereafter be vacated or modified in the absence of fraud or gross inequity" (citation omitted)). The husband does not allege that the settlement agreement in this case was the result of fraud.

██ Further, "[i]t is well established that a separation agreement that has been incorporated into a dissolution decree and its resulting judgment must be regarded as a contract and construed in accordance with the general principles governing contracts." *Fazio v. Fazio*, 162 Conn. App. 236, 131 A.3d 1162, 1167-68 (2016) (citation and internal quotation marks omitted); *see also Gunn v. Gunn*, 367 P.3d 1146, 1150-51 (Alaska 2016) (same); *Coppedge v. Coppedge*, 298 Ga. 494, 783 S.E.2d 94, 96 (2016) (same). Thus, the husband's argument that the settlement agreement should be modified because his attorney, the mediator, and opposing counsel incorrectly advised him that his pension was marital property subject to distribution is meritless. A party's misunderstanding of the law is not a valid ground on which to set aside a contractual obligation. *See Holbrook v. Tomlinson*, 304 Ill. 579, 136 N.E. 745, 747 (1922) ("The erroneous advice of an attorney is not sufficient ground for relief in equity as to an alleged mistake in a written instrument." (citations omitted)); *Wright v. Scott*, 410 N.W.2d 247, 249 (Iowa 1987) ("Voluntary settlements will not be disturbed for ordinary mistakes of law." (citations omitted)); *Burggraff v. Baum*, 1998 ME 262, 720 A.2d 1167, 1169 (1998) ("[A] mistake of law [is] not a basis to rescind a contract." (citing *Moulton v. Moulton*, 1998 ME 31, 707 A.2d 74, 76 (1998))); *Johnson v. Estate of Shelton*, 232 Mont. 85, 754 P.2d 828, 830-31 (1988) ("reliance

---

will not, regardless of whether it could be divided by the court itself); *In re Estate of Halverson*, 840 S.W.2d 280, 282 (Mo. Ct. App. 1992) ("[A] husband and wife, in contemplation of a dissolution, may validly contract between themselves regarding the settlement of property rights emanating from the marital relationship." (citing *Muhlhauser v. Muhlhauser*, 754 S.W.2d 2, 4 (Mo. Ct. App. 1998))); *In re Marriage of Gagliardi*, 241 Ore. App. 293, 249 P.3d 1287, 1287-88 (2011) (holding that a husband could not challenge the court's authority to award property to the wife when that property was awarded under a settlement agreement).

on [an] attorney's advice [does not] . . . represent [a] mistake of law" that would warrant setting aside a contractual obligation).

■ The husband argues in the alternative that if the agreement is valid, it should be reexamined under 16 V.I.C. § 110 because he has demonstrated a substantial, continuing, and unanticipated change in circumstances due to a cancer diagnosis after they entered into the agreement. *See Rogers v. Rogers*, 14 V.I. 130, 135 (V.I. Super. Ct. 1977) (under 16 V.I.C. § 110, a party must show "such a substantial and continuing change of circumstances since the entry of the original decree as to make continued enforcement of that decree unfair" (citation omitted)); *Viles v. Viles*, 316 F.2d 31, 33, 4 V.I. 415 (3d Cir. 1963) ("The fact that the decree in the present case was drawn with reference to a separation agreement does not limit the court's power under [16 V.I.C. § 110]."). He never raised this argument in his February 4, 2013 motion to alter the settlement agreement due to changed circumstances. And even though he did raise this argument during the April 27, 2015 hearing, he never introduced any evidence regarding how his medical condition affected his finances or otherwise caused a continuing change in circumstances that would warrant an alteration of the settlement agreement as required by 16 V.I.C. § 110. *See, e.g., Emanuel v. Emanuel*, 15 V.I. 103, 111 (D.V.I. 1978) (requiring that "a change of circumstances must be alleged," that "the change must be substantial and continuing," and that "the change must be unanticipated" (citation and internal quotation marks omitted)).

■ ■ The husband's arguments of changed circumstances were supported only by his attorney's statements at the hearing regarding the husband's cancer diagnosis, and "unsworn representations of an attorney are not evidence." *Walters v. Walters*, 60 V.I. 768, 775 n.7 (V.I. 2014) (quoting *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011)). Accordingly, because he failed to properly present this issue to the Superior Court, and further failed to submit any evidence supporting his assertion of a substantial change in circumstances, this issue is waived. V.I.S.CT.R. 4(h); *see Emanuel*, 15 V.I. at 111.

■ Finally, the husband argues that because the settlement agreement imposes no end date on the wife's receipt of a portion of his pension benefits, the principles of equity required the Superior Court to impose one. But the Superior Court found that the parties intended for this provision of the settlement agreement to continue indefinitely based on

the *Fuentes* formula, and the husband fails to challenge this finding or cite any authority supporting his assertion that the settlement he agreed to is somehow inequitable. He has consequently waived this argument on appeal. V.I.S.Cт.R. 22(m) (issues that are inadequately briefed are waived). Therefore, we affirm the Superior Court.

## IV. CONCLUSION

The Superior Court did not err in denying the husband's motion to be relieved from paying a portion of his pension to the wife under the terms of the settlement agreement because regardless of whether the pension was marital property subject to distribution during divorce proceedings, nothing prevented the parties from including it in their agreement. Further, the husband waived his argument of changed circumstances by failing to properly present it to the Superior Court. Therefore, we affirm the Superior Court's May 5, 2015 order.