**FILED**
January 22, 2024 01:27 PM
SX-2022-CV-00480
**TAMARA CHARLES**
**CLERK OF THE COURT**



## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **CHARLES HUDDLESTON AND JESSIE HUDDLESTON,** | **Civil No. SX-2022-CV-480** |
| **PLAINTIFFS,** | |
| V. | **JURY TRIAL DEMANDED** |
| **M.G.C., INC., A U.S. VIRGIN ISLANDS CORPORATION,** | |
| **DEFENDANT.** | **CITE AS: 2024 VI SUPER 3** |
| **M.G.C., INC., A U.S. VIRGIN ISLANDS CORPORATION,** | |
| **THIRD-PARTY PLAINTIFF,** | |
| V. | |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| **THIRD-PARTY DEFENDANT.** | |

**Appearances:**

**Douglas L. Capdeville, Esq.**
Law Office of Douglas L. Capdeville, P.C.
St. Croix, U.S. Virgin Islands
*For Defendant/Third-Party Plaintiff*

**Nathan J. Mirocha, Esq.**
MirochaLaw, LLC
St. Croix, U.S. Virgin Islands
*For Plaintiffs*

**Christopher M. Timmons, Esq., Esq.**
DEPARTMENT OF JUSTICE
St. Croix, U.S. Virgin Islands
*For Third-Party Defendant*

## MEMORANDUM OPINION AND ORDER

### WILLOCKS, Administrative Judge

¶ 1 **THIS MATTER** came before the Court on Third-Party Defendant Government of the Virgin Islands' (hereinafter "GVI") motion to dismiss, filed on April 3, 2023. In response, Third-Party Plaintiff M.G.C., Inc. (hereinafter "MGC") filed an opposition and GVI filed a reply thereto.

## BACKGROUND

¶ 2     On October 19, 2022, Plaintiff Charles Huddleston and Plaintiff Huddleston (collectively, hereinafter "Plaintiffs") filed a complaint against MGC, a security company on St. Croix, U.S. Virgin Islands, in connection with the Virgin Islands Police Department's (hereinafter "VIPD") response to MGC's report that an alarm was triggered and a robbery was in progress at Plaintiffs'— who were not MGC's customers—residence at 61 Estate Solitude, St. Croix, U.S. Virgin Islands on October 6, 2022. On December 1, 2022, MGC filed an answer to Plaintiffs' complaint. On February 8, 2023, MGC filed a motion to file a third-party complaint against GVI, which the Court subsequently granted. In its third-party complaint, MGC alleged the following causes of action against GVI for the actions of VIPD: contribution and indemnification.[1] On April 3, 2023, GVI filed this instant motion to dismiss the third-party complaint.

## DISCUSSION

¶ 3     In its motion, GVI argued that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and 12(b)(6) of the Virgin Islands Rules of Civil Procedure.

### 1.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

¶ 4     In its motion, GVI argued that the Court lacked subject matter jurisdiction over MGC's claims against GVI because MGC failed to comply with the pre-filing requirements of the Virgin Islands Tort Claims Act (hereinafter "VITCA"), which are jurisdictional—to wit, GVI argued that

---

[1] Here, MGC's third-party complaint did not set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required by the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 8"). Thus, the specific causes of action are deduced from the allegations in MGC's third-party complaint—to wit, "In the event that Plaintiffs are allowed recovery on their claims from MGC, then MGC is entitled to contribution and/or indemnity from GVI which is or may be liable to MGC for all or part of Plaintiffs' damages, should they prevail at trial." (TPC.)

"[the injuries] allegedly occurred on October 6, 2022," which is when the contribution claim accrued,[2] and the 90-day notice period under the VITCA has long expired. (Motion.)

¶ 5     In its opposition, MGC did not dispute that the VITCA is applicable in this instance, but argued that for the purposes of the 90-day notice period under the VITCA, the contribution claim accrued "either from the [date of] entry of judgment against the defendant or the date of payment of more than the defendant's pro rata share to the plaintiff."[3] (Opp. 5.) Alternatively, MGC argued that if the Court agrees with the accrual date argued by GVI, then "the Court has discretion to grant MGC leave to file a late notice of intent."[4] (Id.)

¶ 6     In its reply, GVI reiterated that the contribution claim accrued on the date of the injury.[5] (Reply 1-3.) As to MGC's alternate argument, GVI pointed out that MGC "did not file a motion, no affidavits are before the Court and no reasonable excuse has been given" so the Court should not grant MGC a discretionary extension for the compliance of the pre-filing requirements of the VITCA. (Id., at 3-4.)

## A. Standard of Review

¶ 7     A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Virgin Islands Rules of Civil Procedure challenges the court's authority to hear the case. V.I. R. Civ. P. 12(b)(a). "The applicable standard of review under Rule 12(b)(1) differs depending on whether the moving party has made a facial attack or a factual attack on the court's power to hear the case." *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74 at *6 (V.I. Super. Ct. June 25, 2015).

---

[2] For its argument on the accrual date of the contribution claim, GVI did not cite to any authority.

[3] For its argument on the accrual date of the contribution claim, MGC relied on *Dublin v. V.I. Tel. Corp.*, 15 V.I. 214 (V.I. Terr. Ct. June 9, 1978).

[4] For its alternative argument, MGC relied on Title 33 V.I.C. § 3409(c).

[5] For its argument on the accrual date of the contribution claim, GVI relied on *Martinez v. Frazer*, 23 V.I. 53 (V.I. Terr. Ct. October 23, 1987).

When the attack on subject matter jurisdiction is facial, it "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court based on a jurisdictional defect," and "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *6-7 (V.I. Super. Ct. June 25, 2015) (internal quotation marks and citations omitted). In other words, under a facial attack, the Court must "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *James-St. Jules*, 2015 V.I. 74, at *7. On the other hand, when the attack on subject matter jurisdiction is factual, the defendant "disputes the existence of certain jurisdictional facts alleged by plaintiffs" and the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *James-St. Jules*, 2015 V.I. 74, at *7; *see Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 189 (V.I. 2009) (Under Rule 12(b)(1), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."); *see also, Daley-Jeffers v. Graham*, 69 V.I. 931, 939 n.8 (2018) ("When an attack on subject matter jurisdiction is factual, the Superior Court is free to evaluate the merits of jurisdictional claims and may look beyond the face of the complaint to make this determination."). In such a case, "no presumptive truthfulness attaches to plaintiff's allegations ... [and] the burden of proving the existence of subject matter jurisdiction lies with the plaintiff." *James-St. Jules*, 2015 V.I. 74, at *7; *see Francis v. Gov't of the V.I.*, No. ST-13-CV-387, 2014 V.I. LEXIS 43, at *2-3 (V.I. Super. Ct. July 10, 2014) ("Once a defendant challenges a plaintiff's pleading on FED. R. CIV. P. 12(b)(1) grounds, the burden shifts to the plaintiff to demonstrate the Court has the authority to hear and decide the case.").

### B. Analysis

¶ 8     While MGC did not dispute that the VITCA is applicable in this instance, the Court must still perform its own analysis to determine that the VITCA is indeed applicable. *See Henry v. Dennery*, 2013 V.I. Supreme LEXIS 4, at *6 (V.I. 2013) (the Virgin Islands Supreme Court "has repeatedly instructed that parties cannot simply stipulate to the law").

### i.     Whether the VITCA is Applicable

¶ 9     The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. *See* Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act [48 USCS § 1541 *et seq.*]."). "The VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands." *Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015); *see* Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter."). Here, MGC sued GVI for contribution and indemnification based on tort law by claiming that GVI is jointly and severally

liable or wholly liable for Plaintiffs' injury as the result the conduct of VIPD, which is an "executive department in the Government of the Virgin Islands," Title 3 V.I.C. § 251, and under VITCA, "Government of the Virgin Islands" includes the executive, legislative, and judicial branches of the Government of the Virgin Islands, agencies and instrumentalities of the Government of the Virgin Islands...," Title 33 V.I.C. § 3401. As such, the VITCA is applicable to the facts of this case.

### ii. Whether MGC Complied with the Pre-Filing Requirements of the VITCA

¶ 10    The VITCA provides that "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section [3409]." Title 33 V.I.C. § 3409. Title 33, section 3409 of the Virgin Islands Code provides:

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
>
> (a) a claim for the appropriation by the Government of lands, or any right, title of interest in or to lands shall be filed within two years after the accrual of such claim;
>
> (b) a claim by an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act, neglect or default, on the part of the Government by which the decedent's death was caused, shall be filed within ninety days after the appointment of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent. In any event such claim shall be filed within two years after the death of the decedent;
>
> (c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.
>
> A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two

years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the United States Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

Title 33 V.I.C. § 3409.

The VITCA further provides the requirements concerning the claim or the notice of intention:

The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

Title 33 V.I.C. § 3410.

¶ 11    The Court recognizes that the Virgin Islands Supreme Court has not yet determined whether the pre-filing requirements of the VITCA are jurisdictional or claims processing rules. *See e.g., Alexander v. Wilson*, 73 V.I. 528, ¶ 13 (V.I. 2020) ("It remains an issue of first impression in the Virgin Islands whether the pertinent provisions of the VITCA are jurisdictional, or claims-processing rules which may be waived."); *Fleming v. Cruz*, 62 V.I. 702, 718 n.13. (V.I. 2015) ("In this case, we do no decide whether the VITCA's claim-filing requirements are jurisdictional…We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). However, in *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F. 2d 1007, 1010 (3d Cir. 1984), the Third Circuit Court of Appeals, in its capacity as the "de facto court of last resort of the Virgin Islands," held that compliance with the pre-filing requirements under the VITCA are

jurisdictional, and *Richardson* remains binding on the Virgin Islands Superior Court. *See e.g.,*

*Yuxiang Peng v. Williams,* 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017);[6] *Christopher v.*

---

[6] In *Yuxiang Peng,* the Court addressed the issue of whether *Richardson* is still binding on Virgin Islands Superior Court:

> In *Richardson,* the Third Circuit Court of Appeals — exercising its power as the final arbiter of Virgin Islands local law — held that the terms under which the Government of the Virgin Islands consented to waive its immunity from tort liability, as embodied in the VITCA, are jurisdictional and "It follows that the terms may not be waived." 744 F.2d at 1010. The Supreme Court of the Virgin Islands has made it clear that decisions rendered by the Third Circuit while serving as the de facto court of last resort in the Virgin Islands "are binding upon the Superior Court of the Virgin Islands even if they would only represent persuasive authority when [the Supreme Court] considers an issue." *Najawicz v. People of the Virgin Islands,* 58 V.I. 315, 327-28 (V.I. 2013) (internal citation omitted); *see also In re People of the Virgin Islands,* 51 V.I. 374, n.9 (V.I. 2009). Thus, the Third Circuit's holding in *Richardson* remains binding on this Court.

> The Court notes that, while the case in *Richardson* originated in the District Court of the Virgin Islands in 1980, the District Court was acting as a territorial court when it adjudicated Richardson's claim for wrongful death. See *Callwood v. Enos,* 230 F.3d 627, 43 V.I. 293, 297-98 (3d Cir. 2000) (The District Court of the Virgin Islands used to have general original jurisdiction over all civil actions arising under territorial law in which the amount in controversy was more than $500); see also *Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1057, 19 V.I. 641 (3d Cir. 1982) (characterizing jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act prior to the 1984 amendments as "more like a state court of general jurisdiction than a United States district court."). For a detailed description of the development of the judiciary of the Virgin Islands, see *James-St. Jules v. Thompson,* 2015 V.I. LEXIS 74, at *16-20.

> 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017).

Furthermore, the Court notes that in this instance, the Court need not undertake a *Banks* analysis concerning the VITCA because it is an issue of statutory interpretation rather than a determination of common law. *See In re L.O.F.,* 62 V.I. 655, 661 n.6 (V.I. 2015) (The Supreme Court of the Virgin Islands has established that a *Banks* analysis is not required for statutory interpretation.); *see also, Smith v. Henley,* 67 V.I. 965, 970 n.2 (V.I. 2017) ("A *Banks* analysis was unnecessary, however, because the issue here is purely a matter of statutory interpretation, not common law."); *Banks v. Int'l Rental & Leasing Corp.,* 55 V.I. 967 (V.I. 2011). Additionally, the Court also notes that in *Wallace v. People of the V.I.,* the Virgin Islands Supreme Court reaffirmed that "[i]t is true that prior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." 71 V.I. 703, 738 n.5 (V.I. 2019) (citing *Defoe v. Phillip,* 56 V.I. 109, 119 (V.I. 2012) ("This Court is not required to follow ... decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us, we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands law as binding precedent: 'Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation did not erase pre-existing case law, and thus precedent that was extant when the Court became operational continues unless and until this Court address the issues discussed there. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.'" (quoting *Judi's of St. Croix Car Rental v. Weston,* 49 V.I. 396, 403 n.7 (V.I. 2008); *In re People of the V.I.,* 51 V.I. 374, 389 n.9 (V.I. 2009)))). The Court is nevertheless cognizant that, in *Hamed v. Hamed,* the Virgin Islands Supreme Court held that "decisions of the Appellate Division and the Third Circuit addressing issues of Virgin Islands common law are no longer binding on the Superior Court," 63 V.I. 529, 535 (V.I. 2015) (citing *Gov't of the V.I. v. Connor,* 60 V.I. 597, 605 n.1 (V.I. 2014)), and that "decisions issued by the Appellate Division after 2007, like decisions of the District Court or Third Circuit heard through diversity or supplemental jurisdiction, are not binding on the Superior Court," 63 V.I. at 535 (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee,* 60 V.I. 740, 755-56 (V.I. 2014); *Walters v. Walters,* 60 V.I. 768, 777 n.10 (V.I. 2014); *People v. Simmonds,* 56 V.I. 84, 90 (V.I. Super. Ct. 2012); *Edwards v. HOVENSA, LLC,* 497 F.3d 355, 359-61 (3d Cir. 2007)). However, *Richardson* did not concern common law and it was issued prior to 2007. As such, until the Virgin Islands

*Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2016 165, *11 (V.I. Super. Ct. Oct. 12, 2016) ("despite any contrary intimations from the Supreme Court, this Court is bound by the Third Circuit's precedent in *Richardson,* and must consider challenges to the VITCA's prefiling requirements as challenges to subject matter jurisdiction unless and until the Supreme Court of the Virgin Islands conclusively determines otherwise"); *Richardson v. Schneider Medical Regional Cetner*, 2017 V.I. LEXIS 168 (V.I. Super. Ct. Dec. 4, 2017); *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 87, *9 (V.I. Super. Ct. June 22, 2018).

¶ 12    Given that GVI's motion to dismiss alleged lack of jurisdiction based on MGC's noncompliance with the prefiling requirements of the VITCA, it depends on a determination of facts—such as whether MGC timely complied with the pre-filing requirements of the VITCA by filing the claim or notice of intention with the Office of the Governor and serving a copy upon the Attorney General. Thus, GVI made a factual attack on the Court's power to hear this instant case against GVI, which means that the Court is free to weigh the evidence and MGC has the burden of proving the existence of subject matter jurisdiction.

¶ 13    In this instance, the Court must determine the accrual date of MGC's claims against GVI. *See Samuel v. Gov't of the V.I.*, 44 V.I. 201, 205 (V.I. Terr. Ct. March 1, 2002) ("Determining an accrual date is essential in assessing whether a claimant has complied with the pre-filing procedures of VITCA, specifically the stringent 90-day notice period to file a claim or notice of intent."). In summary, MGC relied on *Dublin* and GVI relied on *Martinez* for the determination of the accrual date for MGC's contribution claim, and neither party made any attempt to cite or

---

Supreme Court explicitly declares that all decisions of the Appellate Division and the Third Circuit are no longer binding on the Virgin Islands Superior Court or definitively proclaims that the pre-filing requirements of the VITCA are not jurisdictional, the Court continues to find *Richardson* binding.

distinguish any authority against their position[7] In any event, the cases cited by MGC and GVI—

*Dublin* and *Martinez*—are not binding on this Court because the decision of a Territorial Court

judge is not binding upon a Superior Court judge.[8] *See Parris v. Nurse*, 76 V.I. 492, 498 n.8 (V.I.

2022) ("It is well-established that a prior decision of one Superior Court judge in one case 'does

not constitute controlling authority in any subsequent proceeding.'") (quoting *Edney v. Edney*, 64

V.I. 661, 665 n.2 (V.I. 2016)); *see also, In the Matter of Q.G.*, 60 V.I. 654, 661 n.8 (V.I. 2014)

("[T]he decision of a single Superior Court judge ... is not binding precedent on other Superior

Court judges.") (citing *Threadgill v. Armstrong World Indus.*, 928 F.2d 1366, 1371 & n.7 (3d Cir.

1991)). Furthermore, while the VITCA was patterned after the New York equivalent—the New

York Court of Claims Act (hereinafter "NYCCA"), the notice provisions therein are in fact

different. *See Gonzalez v. Stevens*, No. 82-191, 1983 U.S. Dist. LEXIS 20508, at *4-5 n.2 (D.V.I.

Mar. 22, 1983) ("Although the Virgin Islands Tort Claims Act was 'primarily drawn from' the

New York Court of Claims Act, N.Y. Judiciary Law, §§8-12 (McKinney 1981), the filing

requirements contained in the two statutes differ in one dramatic respect. The New York act

---

[7] The Court reminds the parties that they have a duty to cite authority for and against the positions being advocated, and not just authority that supports its position. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... **that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party**.") (emphasis added).

The Court must note that, interestingly, GVI and MGC only made arguments as to the accrual of MGC's contribution claim and not as to MGC's indemnification claim. This is an example of why it is important for a litigant to comply with Rule 8, which mandates that the pleading should set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings. V.I. R. Civ. P. 8. It is for the benefit of everyone involved—the plaintiff, the defendant, the Court—to have the claims clearly identified. *See Arno v. Hess Corp.*, 71 V.I. 463, 499 (V.I. Super. Ct. Oct. 17, 2019) ("the law favors clarity and precision, especially in pleadings"). In the interest of efficiency, the Court will nevertheless address the accrual of both claims herein in the event that MGC intended to proceed with both claims against GVI.

[8] The Territorial Court is the predecessor of the Superior Court, *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 201 n.3 (V.I. 2012) (observing that the name of the Territorial Court was changed to the Superior Court on October 29, 2004), and thus the Territorial Court and the modern Superior Court are treated as equivalents, *see Parris*, 76 V.I. at 498 n.8 (treating the Territorial Court as the direct equivalent of the modern Superior Court) (citing *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 676 & n.2 (V.I. 2015).

provides that the filing of a 'claim' actually triggers the commencement of a lawsuit in the abate Court of Claims. By contrast, neither the 'notice of intention' nor the 'claim' described in our act amounts to a civil complaint. In *Bye v. New York State*, 90 Misc. 2d 265, 394 N.Y.S. 2d 381, 383 (Ct.Cl. 1977) the Court of Claims acknowledged that a document which is 'not the vehicle for commencing a lawsuit' cannot properly be made 'the subject of attack as substantively insufficient because there [is] nothing to dismiss.'") (citation omitted); *see also, Ashley v. Am. Airlines, Inc.*, No. 85 CIV 0614 (PKL), 1988 U.S. Dist. LEXIS 11612, at *15-16, 18 (S.D.N.Y. Oct. 21, 1988) ("Upon examination, however, the Court finds that the VITCA differs from the NYCCA (in both its earlier and current versions) in several significant respects…Finally, and most importantly in the present case, the New York Court of Appeals has taken a different view than a Virgin Islands court in deciding a key question under each act -- namely, when a claim for indemnification or contribution against the government accrues for purposes of the Act's notice requirements…While both acts raise the gate which had barred plaintiffs from bringing suit against the government at common law, the NYCCA offers plaintiffs a relatively unobstructed avenue to recovery, while the VITCA provides a much narrower crawlspace."). As such, the Court will not resort to New York judicial decisions in this area for guidance.

¶ 14    Here, by alleging a contribution claim against GVI, MGC is alleging that GVI also played a role in causing injury to Plaintiffs and thus seeking contribution from GVI in the event that MGC is found liable to Plaintiffs; by alleging an indemnification claim against GVI, MGC is alleging that GVI was solely responsible in causing injury to Plaintiffs and thus seeking to shift the entire liability from itself to GVI in the event that MGC is found liable to Plaintiffs. *See Willie v. Amerada Hess Corp.*, 66 V.I. 23, 87 (V.I. Super. Ct. Feb. 28, 2017) ("Indemnification and contribution differ in the extent to which a tortfeasor is able to rid himself of liability. Where

*Indus., Inc.*, 502 F.2d 259, 11 V.I. 220, 241 n.17 (3d Cir. 1974) (emphasis added)). Given that neither party has identified a statute or a binding decision from an authoritative court that addresses the issue of whether the accrual of contribution claim and indemnification claim is the same as the underlying predicate tort, a *Banks* analysis is necessary.[9] *See Banks v. International Rental & Leasing Corp.*, 55 V.I. 967, 977-78 (V.I. 2011); *see also Gov't of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014) ("Thus, the Superior Court, when considering a question not foreclosed by prior precedent from this Court, must perform a three-part analysis as set forth in *Banks*."). In *Robbins v. Port of Sale, Inc.*, the court performed a *Banks* analysis as to the issue of whether the limitations of actions for indemnity and contribution are the same as the predicate tort's, which also addressed the accrual date of such claims. 62 V.I. 151, 154 (V.I. Super. Ct. March 6, 2015). The *Robbins* court concluded that the soundest rule of law for the Virgin Islands is that "that the statute of limitations for contribution and indemnity in the Virgin Islands is not coterminous with the statute of limitations for the predicate tort; the causes of action for contribution and indemnity do not accrue at the time of the tort, but only when liability is discharged." *Id.*, 62 V.I. at 158-59. Having reviewed the *Banks* analysis conducted in *Robbins*, this Court agrees with its reasoning and conclusion and adopts its *Banks* analysis and conclusion as though the same was set forth herein. Based on this conclusion, the Court finds that the 90-day notice period has not expired. However, this raises the issue of whether a claimant can comply with the VITCA's pre-filing requirements prior to the accrual of a contribution claim/indemnification claim. The language of

---

[9] "A *Banks* analysis calls for the balancing of three non-dispositive factors that include "(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands."

*Reynolds v. Rohn*, 70 V.I. 887, 893 (V.I. 2019) (quoting *Simon v. Joseph*, 59 V.I. 611, 623 (V.I. 2013)). Although only the Superior Court is required to conduct *Banks* analyses, *Connor*, 60 V.I. at 603 (citing *Banks, 55 V.I. 967*), the parties are again reminded of their duties under Rule 11 of the Virgin Islands Rules of Civil Procedure. *See, supra footnote* 7.

However, this raises the issue of whether a claimant can comply with the VITCA's pre-filing requirements prior to the accrual of a contribution claim/indemnification claim. The language of Title 33 V.I.C. § 3409(c) is ambiguous as to this issue since the statute's "silence" could be interpreted as either permitting or not permitting compliance prior to the accrual of the claim. *See One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 924 (2017) ("Statutory language is ambiguous when it is susceptible to more than one interpretation."). Thus, the Court will now "proceed to examine the legislative history of the statute and its purpose to ascertain if [a proposed] interpretation was within the legislature's intent." *One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 926 (V.I. 2017) (quoting *Sonson v. People*, 59 V.I. 590, 598 (V.I. 2013)). "[C]ourts must assume that the legislature intends for the entirety of the statutory language, as well as the whole statutory scheme, to be effective, unless to do so would lead to unjust or absurd results or would otherwise undermine the legislative intent." *Willis v. People of the V.I.*, 71 V.I. 789, 825 (V.I. 2019). In *Brunn v. Dowdye*, the Virgin Islands Supreme Court identified that the intent of the pre-filing notice requirements under the VITCA is to afford the Government an opportunity to "make an investigation in order to determine if the claims should be settled without suit." 59 V.I. 899, 911 (V.I. 2013); *see Phillips v. Gov't of the V.I*, No. 617/1983, 1984 V.I. LEXIS 38, at *3 (V.I. Terr. Ct. Aug. 14, 1984) ("The purpose behind the ninety-day notice provision of the Tort Claims Act is to prevent the presentation of stale claims so that the Government has an adequate opportunity to investigate and to explore the merits of a claim and to pursue a settlement while the evidence remains fresh in the memory of witnesses."). To interpret Title 33 V.I.C. § 3409(c) to not permit compliance prior to the accrual of a contribution claim/indemnification claim would undermine the legislative intent to afford the Government an opportunity to investigate. More specifically, since Plaintiffs are suing MGC for the underlying predicate tort and MGC is seeking

contribution/indemnification from GVI, it aligns with legislative intent to notify GVI sooner while Plaintiffs' suit against MGC is still ongoing rather than later after Plaintiffs' suit against MGC have concluded. Accordingly, the Court finds that Title 33 V.I.C. § 3409(c) permits compliance of the VITCA's pre-filing requirements prior to the accrual of a contribution claim/indemnification claim. Thus, the Court has subject matter jurisdiction over this matter so long as MGC complies with the VITCA's pre-filing requirements. The Court finds that, by serving the Attorney General with a copy of its third-party complaint, MGC has complied with VITCA's pre-filing requirement of serving a copy of its claims upon the Attorney General. Title 33 V.I.C. § 3410. However, MGC still needs to file its claims with the Office of the Governor since notifying the Attorney General is not the same as notifying the Office of the Governor, which the VITCA clearly required. Title 33 V.I.C. § 3410 ("The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General…"). As such, the Court will order MGC to file a copy of its third-party complaint at the Office of the Governor and upon MGC filing a notice of compliance, GVI's motion to dismiss for the lack of subject matter jurisdiction will be deemed denied. *See James-St. Jules*, 2015 V.I. 74, at *7 (noting that when an attack on subject matter jurisdiction is factual, "no presumptive truthfulness attaches to plaintiff's allegations … [and] the burden of proving the existence of subject matter jurisdiction lies with the plaintiff").

## 2. Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted

¶ 15    In its motion, GVI argued that MGC's third-party complaint "fail[ed] to state a claim upon which relief can be granted because in the context of the facts alleged, [GVI] owes no individualized duty to members of the public, and thus, the actions of the VIPD in responding to [MGC's] false alarm cannot be the basis for a negligence claim." (Motion 10-11.) GVI stated that "[w]hether law enforcement owes a particularized or individualized duty has not been determined

by Virgin Islands' Courts" and thus, after conducting a *Banks* analysis, concluded that the soundest rule for the Virgin Islands is to hold that "the Law Enforcement owes no Individualized Duty Absent a Special Relationship." (Id., at 13) (emphasis omitted.)

¶ 16     In its opposition, MGC argued that the Court should deny GVI's motion to dismiss for failure to state a claim upon which relief can be granted because "(1) MGC has made sufficient claims, putting the GVI on notice for negligent "acts and omissions" of the VIPD officers as contemplated by V.I. R. Civ. P. 8 and the VITCA, and (2) at this juncture procedurally, the Court does not need to decide the motion to dismiss on the merits." (Opp. 7.)

¶ 17     In its reply, GVI reiterated that "law enforcement owes no general duty to the public" and "nowhere in the VITCA does the statute create duties that do not otherwise exist." (Reply.)

### A.  Standard of Review

¶ 18     Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 12(b)(6)") allows a party to assert the defense of "failure to state a claim upon which relief can be granted" by motion and move for dismissal. The Rule 12(b)(6) motion tests the sufficiency of the complaint. Rule 8 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 8") requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." V.I. R. CIV. P. 8(a)(2). As a notice pleading jurisdiction, "[a] complaint is sufficient 'so long as it adequately alleges facts that put an accused party on notice of claims brought against it.'" *Oxley*, 2018 V.I. LEXIS at *3 (quoting *Mills-Williams*, 67 V.I. 574, 585 (V.I. 2017)); *accord Arno*, 71 V.I. at 501 ("'Plead the who, what, where, when, and how — sufficient information to put a defendant on notice of the conduct and actions the plaintiff

complains of.'" (brackets and citation omitted)). "[A] complaint need not plead facts to support each element of a claim in order to adequately allege facts that put an accused party on notice or to show[] the pleader is entitled to relief under V.I. R. CIV. P. 8(a)(2)[] [b]ut, a complaint should provide factual allegations sufficient to advise the responding party of the transaction or occurrence on which the claim is based and identify the claim, reciting its elements, so as to enable the defendant to respond intelligently and to enable the Court to determine on a motion to dismiss under V.I. R. Civ. P. 12(b)(6) whether the claim is adequately pled." *Oxley*, 2018 V.I. LEXIS at \*10;[10] *see Mills-Williams*, 67 V.I. at 585 (citing V.I. R. CIV. P. 8 Reporter's Note) ("Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. CIV. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.") (emphasis in original); *see also, Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, at \*3, (V.I. Super. Ct. May 24, 2017) (acknowledging that Virgin Islands Civil Procedure Rule 8(a)(2) eliminates the plausibility standard and instead will permit a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it")).

¶ 19    "When ruling on a motion to dismiss for failure to state a claim, the court does not address the merits." *Oliver v. Terminix Int'l Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. April 26, 2020); accord *Arno*, 71 V.I. at 494. Instead, courts 'assume all reasonable factual allegations in the complaint as

---

[10] The *Oxley* court noted that "considering the policy of the Supreme Court of the Virgin Islands requiring the Superior Court to conduct a *Banks* analysis to determine the applicable common law when confronted with an issue of common law that has not yet been adopted by the Supreme Court of the Virgin Islands, in order to enable the Superior Court to recognize a potential *Banks* issue and order the parties to brief it, this Court underscores that a complaint should recite the elements of a common law claim so as to make clear the legal theory presented, given that elements among common law claims of the same name may vary." 2018 V.I. LEXIS \*10-11. This Court agrees.

true and draw all fair inferences from such allegations.'" *Arno*, 71 V.I. at 494 (quoting *In re Kelvin Manbodh Asbestos Litig. Seiers*, 47 V.I. 375, 380 (V.I. Super. Ct. March 3, 2006)). However, "[a]llegations will not be reasonable, nor will inferences in favor of the plaintiff be fair, where they contradict facts either contained in the public record or judicially noticed by the Court." *In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. at 380.

## B. Analysis

¶ 20    As noted above, MGC failed to comply with Rule 8 when its third-party complaint failed to set forth counts in separate numbered paragraphs with separate designation of the specific names of each count, but the Court nevertheless deduced that MGC alleged a contribution claim and an indemnification claim against GVI for the actions of VIPD.[11] The Court finds unpersuasive GVI's argument that GVI cannot be held liable for VIPD's actions because VIPD does not owe a general duty to the public and thereby, VIPD's actions "in responding to [MGC's] false alarm cannot be the basis for a negligence claim." (Motion.) The plain language of the VITCA is unambiguous that the VITCA is applicable whenever an injury or loss of property or personal injury or death (collectively, hereinafter "Loss") is caused by the negligent or wrongful act or omission of any person acting on behalf of the executive, legislative, and judicial branches of the Government "while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," and that the Government is to, after a claimant's compliance with the VITCA's pre-filing requirements, waive its immunity from liability and action, and assume liability with respect to such Loss with no exception made as to the Loss caused by the negligent or wrongful act or omission of VIPD. Title

---

[11] *See supra,* footnote 1.

33 V.I.C. §§ 3401, 3408(a).[12] "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning." *Miller v. People of the V.I.*, 67 V.I. 827, 844 (2017). It is well settled that when the language of a statute is plain and unambiguous, no further interpretation is required. *See Thomas v. People of the V.I.*, 69 V.I. 913, 925 (V.I. 2018) (noting that "because 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required'"); *see also, Codrington v. People of the V.I.*, 56 V.I. 176, 185 (V.I. 2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning."). "The Virgin Islands Legislature has instructed that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." Title 1 V.I.C. § 42; *Miller*, 67 V.I. at 844. There is nothing in the VITCA to suggest that the Virgin Islands Legislature intended to carve out an exception for Loss caused by the negligent or wrongful act or

---

[12] Title 33, section 3401 of the Virgin Islands Code provides:

As used in this chapter, the term:

"Government of the Virgin Islands" includes the executive, legislative, and judicial branches of the Government of the Virgin Islands, agencies and instrumentalities of the Government of the Virgin Islands, and Governing Boards and Commissions of the Government of the Virgin Islands, including but not limited to the Virgin Islands Government Hospitals and Health Facilities Corporation, but does not include any contractor with the Government of the Virgin Islands.

"Employee of the Government" includes elected or appointed officials, employees, members of Governing Boards and Commissions and other persons acting on behalf of the Government of the United States Virgin Islands.

Title 33 V.I.C. § 3408.

Title 33, section 3408(a) of the Virgin Islands Code provides:

Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.

Title 33 V.I.C. § 3408(a).

omission of a VIPD officer acting on behalf of VIPD, an executive branch of the Government, while acting within the scope of his office or employment, under circumstances where the Government, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred, so that the Government would not to waive its immunity from liability and action, and would not assume liability with respect to such Loss. If the drafters intended to make such an exception as to VIPD officers, then the drafters clearly could have done so by explicitly including the exception in the VITCA. As such, the Court will give effect to the plain and unambiguous language of the VITCA and hold that the Government will, after a claimant's compliance with the VITCA's pre-filing requirements, waive its immunity from liability and action, and assume liability with respect to the Loss caused by the negligent or wrongful act or omission of Government employees—including VIPD employees—while acting within the scope of his office or employment, under circumstances where the Government, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. As such, the Court rejects GVI's argument that GVI cannot be held liable for VIPD's actions because VIPD does not owe a general duty to the public, and in viewing all the factual allegations in the third-party complaint as true and construing it liberally in the light most favorable to MGC, the Court finds that the third-party complaint "adequately allege facts that put an accused party on notice of claims brought against it." *Mills-Williams*, 67 V.I. at 585. Accordingly, the Court will deny GVI's motion to dismiss for failure to state a claim upon which relief can be granted.

## CONCLUSION

¶ 21    For the reason stated above, the Court will order MGC to file a copy of its third-party complaint at the Office of the Governor and file a notice of compliance thereafter, and deny GVI's

motion to dismiss for failure to state a claim upon which relief can be granted. At this juncture, the Court will order this matter stayed pending MGC filing a notice of compliance to prove the existence of subject matter jurisdiction. Accordingly, it is hereby:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, MGC shall **FILE** a copy of its third-party complaint at the Office of the Governor and **FILE** a notice with the Court to advise compliance thereof, and upon MGC's filing its notice of compliance, GVI's motion to dismiss for the lack of subject matter jurisdiction will be **DEEMED DENIED** without any further action from the Court. It is further:

**ORDERED** that GVI's motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED**. **And** it is further:

**ORDERED** that this matter is **STAYED** pending MGC filing a notice of compliance, and upon MGC's filing its notice of compliance, the stay will be **LIFTED** without any further action from the Court.

**DONE and so ORDERED this** 22nd **day of January 2024.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor. I

Dated: 1/23/2024

_____
HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 23, 2024 01:28 PM
SX-2022-CV-00480
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**Charles W. Huddleston et al,**
     **Plaintiff**

**v.**

**M.G.C. Inc.,**
     **Defendant.**

Case Number: **SX-2022-CV-00480**
Action: **Negligent Infliction Of Emotional Distress**

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To** Nathan Mirocha, Esq.

    Douglas L. Capdeville, Esq.
    Christopher M. Timmons, Esq.

**Please take notice that on January 23, 2024**
**a(n)**    **Memorandum Opinion and Order**
  **dated**  **January 22, 2024**  **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated** **January 23, 2024**

       **Tamara Charles**
       **Clerk of the Court**

By:

       **Janeen Maranda**
       **Court Clerk II**